IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID PATTERSON                                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:23-cv-3-DPJ-FKB

UNITED STATES OF AMERICA                                                                        DEFENDANT

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff David Patterson's Motion for Default Judgment [26] filed on August 17, 2023. Patterson requests "that Defendants be held at Default of Judgment." [26] at 1. Having considered the motion and the applicable law, the undersigned recommends that Patterson's motion [26] be denied.

Patterson is an inmate currently incarcerated at the Federal Correctional Institution – Williamsburg in Salters, South Carolina. [10] at 1. He brings this suit under the Federal Tort Claims Act against Defendant United States of America and is proceeding *in forma pauperis* (IFP). [1] at 1; [11] at 1-2.

Patterson argues that the United States did not comply with the Order [11] granting him IFP and setting the payment schedule. [26] at 1-2. According to Patterson, because the United States did not comply with that Order [26], it is in default. *Id*. at 2. Patterson is requesting the United States's "action be deemed as default in judgement [sic]." *Id*.

Patterson does not refer to a Federal Rule of Civil Procedure nor case law in support of his motion [26]. Liberally construed, Patterson appears to be relying on Federal Rule of Civil Procedure 55 which addresses default and default judgment. Fed. R. Civ. P. 55. Rule 55(a) applies "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). That is not the issue here. Patterson's

motion [26] is based on his conclusory allegations that the United States is not complying with the IFP Order.  [26] at 1-2.  A default judgment is clearly not available to Patterson in this case.

## Conclusion

For the reasons stated above, the undersigned recommends that Patterson's Motion for Default Judgment [26] be denied with prejudice.

Patterson is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy[1]  shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of January, 2024.


      *s/ F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).