IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID PATTERSON                                                                                               PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:23-cv-3-DPJ-FKB

UNITED STATES OF AMERICA                                                                      DEFENDANT

REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant United States of America's Motion to Dismiss [28] this civil action under Rule 4(m) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. [28] at 1. Defendant's motion argues that Plaintiff David Patterson failed to properly serve process on it in accordance with Rule 4(i) of the Federal Rules of Civil Procedure leaving this Court without jurisdiction to consider Patterson's Complaint. *Id*. Patterson has responded in opposition to the motion. [32] at 1-4. Having considered the parties' submissions, applicable law, and the record in this case, the undersigned recommends that the Defendant's motion [28] be denied.

**Background**

Patterson filed this civil action *pro se* under the Federal Tort Claims Act against the United States of America on January 3, 2023. [1] at 1. Patterson is a prisoner incarcerated by the Federal Bureau of Prisons. [1] at 17; [10] at 1. Patterson complains that prison officials at FCI-Yazoo were negligent in caring for him while he was on suicide watch. [1] at 3-15. Patterson filed, along with his Complaint [1], a Motion for Leave to Proceed *In Forma Pauperis* [2] (IFP). Patterson's IFP motion [2] was granted on April 20, 2023. [11] at 1. On July 17, 2023, the undersigned ordered that the United States be served with process. [22] at 1-2. The United States Attorney for the Southern District of Mississippi was served on July 18, 2023, and the Attorney General of the United States was served on July 26, 2023. [24] at 1; [30] at 1.

**Relevant law and analysis**

The Prison Litigation Reform Act of 1996 (PLRA), 28 U.S.C. § 1915, applies to prisoners proceeding IFP. 28 U.S.C. § 1915(h). The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Since Patterson is a prisoner proceeding IFP, his Complaint [1] is subject to the case screening procedures set forth in the PLRA, and this Court has a duty to conduct such screening.

Even though Federal Rule of Civil Procedure 4(m) provides that the defendant is to be served with process "within 90 days after the complaint is filed," the PLRA requires the court to screen a *pro se* prisoner plaintiff's complaint, *see* 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A. "[A] court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint for frivolousness under Section 1915." *Amrhein v. United States*, No. 4:16-cv-223, 2017 WL 3886761, at *5 (E.D. Tex. Sept. 6, 2017) (citing *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799-800 (N.D. Tex. 2005)) (citations omitted). Because a plaintiff proceeding under the PLRA has no control when the court will complete the screening, Rule 4(m)'s 90-day service requirement is suspended during that period of time. *See Aguilera v. Lozano*, No. 7:19-cv-155, 2020 WL 12833731, at *1 n.2 (S. D. Tex. Feb. 14, 2020) (citing *Keller v. United States*, 444 F. App'x 909, 912 (7th Cir. 2011) ("Other circuits have adopted a categorical rule that, because a pro se prisoner proceeding *in forma pauperis* is at the mercy of the district court, the time used for screening by the court automatically extends the … deadline of Rule 4(m).")) (citations omitted), *report and recommendation adopted by* 2021 WL 6197317 (S.D. Tex. Dec. 30, 2021). "[S]uspension of the time for service of process while the court

determines whether the action has sufficient merit to proceed appears to best satisfy the various PLRA provisions." *Shabazz*, 380 F. Supp. 2d at 800, n. 13. Finally, "the screening process itself constitutes good cause to extend the time for service of process." *Id.* at 800.

Here, the delay of service of process was not caused by Patterson, but by this Court's screening this case for frivolousness under the PLRA. Once the screening was finished, the undersigned entered an Order [22] issuing process on July 17, 2023, and service of process was completed as required by Fed. R. Civ. P. 4(i)(1) on July 26, 2023. Defendant's Motion to Dismiss [28] should, therefore, be denied.

## Conclusion

For the reasons stated above, the undersigned recommends that the Court (1) deny Defendant's Motion to Dismiss [28] and (2) direct that Defendant file an Answer within 60 days after the adoption of this Report and Recommendation.

Patterson is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of January, 2024.

           *s/ F. Keith Ball*
           UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).